# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

─────────────────

No. 23-2073

─────────────────

JOHN DOE 2,
Plaintiff-Appellant

v.

NORTH CAROLINA STATE UNIVERSITY,
Defendant-Appellee.

─────────────────

On appeal from the United States District Court
for the Eastern District of North Carolina
(5:23-cv-216)

─────────────────

## DEFENDANT-APPELLEE'S OBJECTION TO PLAINTIFF-APPELLANT'S BILL OF COSTS

Defendant-Appellee North Carolina State University ("NC State"), pursuant to Rule 39(d)(2) of the Federal Rules of Appellate Procedure, by and through undersigned counsel, submits its objection to Plaintiff-Appellant John Doe 2's ("Doe") Bill of Costs. Because Rule 39 affords this Court discretion to allocate costs upon entry of its opinion,

particularly when the opinion results in vacatur, NC State respectfully asks that this Court deny Doe's Bill of Costs.[1]

On January 7, 2025, on Doe's appeal, this Court entered an opinion vacating the district court's judgment and remanding for further proceedings. DE 38. On January 21, 2025, Doe filed a timely Bill of Costs. DE 40; Fed. R. App. P. 39(d)(1). Neither this Court's Opinion nor Judgment provide whether costs should be taxed. See DE 38, DE 39.

In general, Rule 39 of the Federal Rules of Appellate Procedure explicitly affords this Court discretion to decide how or whether costs should be taxed on appeal, even though the Rule provides a presumption that one party is entitled to costs over the other under certain circumstances. Fed. R. App. P. 39(a) ("The following rules apply unless . . . the court orders otherwise . . . ." (emphasis added)); City of San Antonio, Texas v. Hotels.com, L. P., 593 U.S. 330, 338 (2021) ("Rule 39 gives discretion over the allocation of appellate costs to the courts of appeals."); Square Const. Co. v. Washington Metro. Area

---

[1] For clarity, NC State does not object to the timing, nature, or amount of costs sought by Doe; rather, NC State objects to Doe's position that he is entitled to costs on appeal. See DE 40.

2

Transit Auth., 800 F.2d 1256, 1266 (4th Cir. 1986) ("Under [Rule 39], an appellate court has wide discretion in the taxation of costs . . . ."); see, e.g., id. at 1266–67 (exercising its discretion to impose costs against the prevailing party).

Rule 39(a)(4), in particular, affords the Court even greater discretion, stating that, "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." Fed. R. App. P. 39(a)(4) (emphasis added). Thus, on vacatur, there is no default rule that one party is entitled to recover costs against the other party. Compare id. with Fed. R. App. P. 39(a)(1–3) (providing default taxation of costs on dismissal, affirmance, or reversal, unless the appellate court in question orders otherwise); see Exxon Valdez v. Exxon Mobil Corp., 568 F.3d 1077, 1081 (9th Cir. 2009) (explaining the lack of presumption in Rule 39(a)(4)).

Under Rule 39(a)(4), this Court is free not to award costs to either party. Fed. R. App. P. 39(a)(4). In fact, it is not uncommon for appellate courts to find it appropriate not to award costs on vacatur. See, e.g., LimoLiner, Inc. v. Dattco, Inc., 839 F.3d 61, 62 (1st Cir. 2016) (awarding no costs upon vacating and remanding); Baker v. The Home

3

Depot, 445 F.3d 541, 548 (2d Cir. 2006) (expressly disallowing costs upon vacating and remanding); Bixby v. KBR, Inc., 667 F. App'x 933, 933 (9th Cir. 2016) ("This Court's previous decision . . . vacated the district court's judgment.  Accordingly, this appeal is governed by Federal Rule of Appellate Procedure 39(a)(4).  Because this Court has not ordered the taxation of the costs for which Defendants sought an award in the district court, the district court was correct to deny the motion for costs.").

Here, this Court vacated the district court's judgment. DE 38. Consequently, Rule 39(a)(4) applies. Fed. R. App. P. 39(a)(4). Pursuant to this Rule, there is no presumption that Doe is entitled to recover costs from NC State. Id. Rather, this Court may decide whether any costs should be taxed at all. Id. Given the current procedural posture, where additional proceedings have been ordered to continue in the district court below, DE 38, the weight of the above-cited authority, supra, and the fact that Doe is not entitled to costs by default, Fed. R. App. P. 39(a)(4), NC State believes it would be more appropriate for each party to bear its own costs at this time.

4

NC State objects to Doe's Bill of Costs and respectfully asks that this Court exercise its discretion to deny Doe's Bill of Costs.

Dated:  February 3, 2025.

Respectfully submitted,

s/ Alex J. Hagan
Alex J. Hagan
N.C. State Bar No. 19037
ELLIS & WINTERS LLP
alex.hagan@elliswinters.com
Post Office Box 33550
Raleigh, NC 27636
Tel: (919) 865-7000
Fax: (919) 865-7010

Dixie T. Wells
N.C. Bar No. 26816
dixie.wells@elliswinters.com
ELLIS & WINTERS LLP
Post Office Box 2752
Greensboro, NC 27402
Tel: (336) 217-4193
Fax: (336) 217-4198

Counsel for Defendant-Appellee

## CERTIFICATE OF SERVICE

I, Alex Hagan, certify that on February 3, 2025, I caused a copy of the foregoing to be filed with the Clerk of Court and served on all counsel of record using the CM/ECF system.

Dated: February 3, 2025.

Respectfully submitted,

s/ Alex J. Hagan
Alex J. Hagan
N.C. State Bar No. 19037
ELLIS & WINTERS LLP
alex.hagan@elliswinters.com
Post Office Box 33550
Raleigh, NC 27636
Tel: (919) 865-7000
Fax: (919) 865-7010

Dixie T. Wells
N.C. Bar No. 26816
dixie.wells@elliswinters.com
ELLIS & WINTERS LLP
Post Office Box 2752
Greensboro, NC 27402
Tel: (336) 217-4193
Fax: (336) 217-4198

Counsel for Defendant-Appellee